IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE HOLDEN PARKER, <br> No. A50207, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| vs. | )    Case No. 15-cv-00438-DRH <br> ) |
| STEPHEN B. DUNCAN, | ) <br> ) |
| Respondent. | ) |

## ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on the defendants' motion to dismiss (Doc. 36). For the reasons discussed herein the motion is **DENIED in part and GRANTED in part. FURTHER**, the Court **GRANTS** the plaintiff's motion for oral argument on the pending motion for conditional class certification (Doc. 44). **The matter is set for oral argument on February 11, 2016 at 1:30 PM before Judge David R. Herndon in East St. Louis.**

However, as noted below, if a timely amended complaint is filed, the pending motion for conditional class certification will be moot and the Court will cancel the above hearing, to be set at a later date as necessary.

## II.   BACKGROUND

In the instant case, the operative complaint was filed on August 25, 2015 (Doc. 33). In the amended complaint, the plaintiff brings a putative collective and class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.*, to recover unpaid minimum wages and other damages owed to herself and to all others similarly situated. The amended complaint alleges four counts: (1) violation of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) (filed on behalf of the proposed FLSA Collective Class); (2) violation of the Illinois Minimum Wage Law (filed on behalf of the proposed Illinois Subclass); (3) breach of contract (filed on behalf of the proposed Illinois Subclass); and (4) unjust enrichment (filed on behalf of the Illinois Subclass).

On September 8, 2015, the defendants filed a motion to dismiss(Doc. 36 and Doc. 37), The Non-Illinois defendants sought dismissal for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2). Additionally, all defendants sought dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim.

On November 2, 2015, the Court granted the plaintiff's motion for leave to conduct jurisdictional discovery and denied the defendants' motion to stay discovery (Doc. 56). The Court set forth a scheduling order with regard to jurisdictional discovery and deferred ruling on the present motion until

completion of the same. *Id.* (setting evidentiary hearing regarding personal jurisdiction for February 17, 2016). On November 11, 2015, the non-Illinois defendants filed a motion to withdraw their objection to personal jurisdiction (Doc. 59). The motion to withdraw objections to personal jurisdiction was granted (Doc. 61). Accordingly, with respect to the motion to dismiss, all that remains is that portion pertaining to failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Also pending is the plaintiff's motion for class certification (Doc. 34 and Doc. 35) and the plaintiff's motion for oral argument on the same (Doc. 44). The Court deferred ruling on these motions, pending its decision on the defendants' motion to dismiss.

### III.   MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must establish a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of the complaint must be sufficient "to raise a right to relief above the speculative level." *Id*.

In making this assessment, the district court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's

favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007), cert. denied, 553 U.S. 1032 (2008). Even though *Twombly* (and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint: "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074,1083 (7th Cir. 2008).

## IV. ANALYSIS

### A. Counts I and II

Defendants contend that Counts I and II of the amended complaint should be dismissed because plaintiff fails to plead any facts to suggest that her real hourly wage was less than the applicable minimum wages in any workweek. More specifically, defendants contend, inasmuch as the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), have been construed to apply to a workweek, plaintiff was required to plead facts to plausibly suggest her real hourly wage was less than the applicable minimum wage - $7.25 an hour under the FLSA and $8.25 an hour under the IMWL. 29 U.S.C. § 206(a)(1); 820 ILCS § 105/4(a)(1). Defendants argue Counts I and II of the Amended Complaint should be dismissed because Plaintiff fails to plead the number of hours she

worked and her total wages as necessary to determine whether Plaintiff was paid less than the applicable minimum wage in any workweek during her period of employment in 2015.

In support of this argument, defendants cite to a number of district court opinions, including an opinion from the undersigned judge (Doc. 37 pp. 12-13). Notably, all of the decisions referenced by the defendants predate the Seventh Circuit's decision in *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1074-75 (7th Cir. 2014). (addressing the so-called twenty-percent rule). *See Id.* at 1076 ("A tipped employee is entitled just to the sub-minimum, tip credit wage rate unless he is doing either unrelated non-tipped work or related non-tipped work in excess of 20 percent of his work-day.").

In the instant case, plaintiff has alleged that she worked as a tipped employee, she performed untipped duties for more than 20% of her workweek, and that defendants claimed the tip credit for all hours worked. A number of district courts, referencing *inter alia*, the *Driver* opinion, have concluded that similar allegations sufficiently plead FLSA and state-law minimum-wage tip-credit claims under the twenty-percent rule.[1] *See e.g., Hart v. Crab Addison, Inc.,* 2014

---

[1] The FLSA allows employers to pay tipped employees a wage below the federally mandated minimum wage rate, so long as the inclusion of the employees' tips meets or exceeds the current federal minimum wage. See 29 U.S.C. § 203(m); 29 U.S.C. § 206(a)(1). The IMWL mirrors the federal statute, and the same analysis is generally applied to both statutes. 820 Ill. Comp. Stat. § 105/4(c); *see also Driver*, 890 F.Supp.2d at 1011 (*citing Condo v. SyscoCorp.*, 1 F.3d 599, 601 n. 3 (7th Cir.1993)). This is commonly referred to as a "tip credit." Employers can only take advantage of the tip-credit for hours worked by a tipped employee performing "related duties." *See* 29 C.F.R. § 531.59(b); 29 C.F.R. § 531.56(e). For example, a "waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses" may be paid less than minimum wage for these related duties which might "not by

WL 5465480 (W.D. New York Oct. 28, 2014)(Siragusa, J.) ("[W]here a pleading plausibly alleges that an employee in a tipped occupation also ... performed related untipped duties more than 20% of a workweek, and the employer claimed the tip credit for all hours worked, the pleading states a minimum wage tip-credit claim without more, since the employer cannot take the tip credit at all for hours spent ... performing related untipped work that comprised more than 20% of a workweek."); *Flood v. Carlson Restaurants Inc.,* 94 F.Supp.3d 572 (S.D. New York, March 27, 2015) (Torres, J.); *Irvine v. Destination Wild Dunes Management, Inc.,* 106 F. Supp. 3d 729 (S. Car. May 26, 2015) (Gergel, J.). *See also Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 881 (8th Cir. 2011), cert. denied, ––– U.S. –––, 132 S.Ct. 1094, 181 L.Ed.2d 977 (2012) (concluding that "[f]he 20 percent threshold used by the DOL in [the FOH] is not inconsistent with § 531.56(e) and is a reasonable interpretation of the terms 'part of [the] time' and 'occasionally' used in that regulation")*.*

---

themselves be directed toward producing tips." 29 C.F.R. § 531.56(e). The Department of Labor further interpreted this regulation in its Field Operations Handbook, explaining as follows:

> Reg 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation... provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers. However, where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work maintenance, no tip credit may be taken for the time spent in such duties.

U.S. Dept. of Labor Field Operations Handbook Ch. 30d00(e) (June 30, 2000), available at http://www.dol.gov/whd/FOH/FOH_Ch30.pdf. The above interpretation is the genesis for tip-credit claims under the twenty-percent rule.

The Court finds that the plaintiff has sufficiently stated a tip-credit claim under the FLSA and IMWL against defendants. Accordingly, the motion to dismiss as to Counts I and II is **DENIED**.

### B. Breach of Contract

Count III of the amended complaint purports to assert a claim for breach of contract. With respect to the breach of contract claim, it is difficult to determine from the allegations whether the plaintiff is asserting a claim for breach of an express contract. If Count III is a claim for breach of an express contract, as outlined in defendants' briefing, it is deficient in a number of respects. For example, plaintiff has failed to specify whether the contract is written or oral and who specifically entered into the alleged contract(s), Additionally, Count III's repeated references to an "implied" contract with "implied" terms leads the Court to consider whether the plaintiff is actually attempting to assert a claim premised on an implied-in-fact contract. *See e.g. Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.2d 732, 743 (7th Cir. 1990) (comparing contracts implied-in-fact and contracts implied in law).

Considering the above, the Court finds that Count III fails to provide sufficient detail to give the defendants fair notice of what the claim is and the grounds upon which it rests.

Accordingly, the motion to dismiss, as to Count III, is **GRANTED**, with leave to refile.

### C. Unjust Enrichment

With respect to unjust enrichment, plaintiff contends that defendants used tipped workers, at sub-minimum wage pay, to fill positions that should be staffed by full minimum wage employees (Doc. 33 ¶ 130). Plaintiffs allege that defendants received free labor and/or labor at a reduced rate in the form of extra services ("side work" and "back of the house work") through illegal and inequitable conduct (Doc. 33 ¶ 128-135). Plaintiffs further allege that, as a result, the defendants have retained a benefit at the expense of the plaintiff and the Illinois subclass which they should be required to disgorge.

The Court finds that plaintiff has pled facts which are sufficient to put defendants on notice with regard to the unjust enrichment claim. The complaint contains factual allegations which are enough "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Moreover, at present there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Id.* at 556.

The Court notes the fact that a breach of contract and unjust enrichment claim are mutually exclusive does not warrant dismissal. "A party may state as many separate claims or defenses as the party has regardless of consistency." Fed.R.Civ.P. 8(d)(3). "There is generally nothing wrong with alternative

pleading...." *Mizuho Corporate Bank (U.S.A.) v. Cory & Assocs.*, 341 F.3d 644, 651 (7th Cir. 2003).

With respect to preemption, the undersigned judge has previously held as follows:

> As stated previously, the Seventh Circuit has not addressed the issue of whether the remedies under the FLSA are exclusive. The Court is aware that there is a split in the circuit courts on this issue and that other district courts in the Seventh Circuit have ruled that state claims are preempted by the FLSA where those claims merely duplicate the FLSA claims.1The Court is also aware that other district courts have held that the FLSA does not generally preempt state law claims in a given case. Moreover, the FLSA's savings clause, which allows states to enact stricter wage, hour, and child labor provisions, indicates that the FLSA does not provide an exclusive remedy for its violations. *See* 29 U.S.C. § 218(a). As other courts have held, this Court likewise believes the savings clause indicates that Congress did not foreclose states from providing alternative remedies.
>
> *Schultheis v. Cmty. Health Sys., Inc.*, No. 11-0435-DRH, 2012 WL

1899440, at *3 (S.D. Ill. May 24, 2012) (Herndon, J.). However, the Court notes, as it did in *Schultheis* that although "additional discovery may reveal that the [plaintiff's state common law claims are] duplicative of the statutory claims, the Court cannot conclude at this stage of the proceedings that [plaintiff's state common law claims are] preempted by the FLSA."

Accordingly, the motion to dismiss Count IV is **DENIED.**

### V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES in part and GRANTS in part** defendants' motion to dismiss (Doc. 36). The Court **DENIES** the motion to dismiss as to Counts I, II, and IV. The Court **GRANTS** the motion to dismiss as to Count III (Breach of Contract), with leave to amend. The plaintiff has until January 27, 2016 to file an amended complaint.

**FURTHER**, the Court **GRANTS** the plaintiff's motion for oral argument on the pending motion for conditional class certification (Doc. 44). **The matter is set for oral argument on February 11, 2016 at 1:30 PM before Judge David R. Herndon in East St. Louis**.

However, if an amended complaint is filed, the motion for conditional class certification will be mooted and the Court will cancel and reschedule oral argument on class certification as necessary in the future.

**IT IS SO ORDERED.**

**Signed this 13th day of January, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.01.13 12:14:11 -06'00'

United States District Judge