# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| JANIA VOLZ, ET AL., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-00627-DRH-RJD |
| ) | |
| TRICORP MANAGEMENT COMPANY, ET AL., ) | Judge: David R. Herndon |
| ) | Magistrate: Reona J. Daly |
| *Defendants*. ) | |
| ) | ***JURY TRIAL DEMANDED*** |

## UNOPPOSED PETITION FOR PAYMENT OF CLASS COUNSELS' ATTORNEYS' FEES AND COSTS

Brandon Wise, Class Counsel and counsel at Peiffer Rosca Wolf Abdullah Carr & Kane, APLC, petitions this Court for an award of attorneys' fees pursuant to the Settlement Agreement reached in this matter and applicable law.

### I.   INTRODUCTION

1. Class Counsel filed this matter on behalf of Plaintiff Jania Volz on June 5, 2015. ECF No. 1.

2. Over the next year, Class Counsel litigated the case, primarily as a solo-practitioner, including facing two motions to dismiss, moving for conditional certification, requesting oral argument on Plaintiff's Motion for Conditional Certification, having oral argument granted, arguing for and successfully obtaining nationwide conditional certification, self-administering the mailing of over 2,800 Notice and Consent forms, and then remailing approximately 300 Notice and Consent forms that were "returned to sender," propounding multiple rounds of discovery, which totaled hundreds of discovery requests, reviewing thousands of pages of documents, conducting multiple

witness interviews, preparing for a Settlement Conference, and, after a class settlement was reached, working towards final approval of the class settlement, and ultimately, the conclusion of this matter.

3. On September 15, 2016, the Parties jointly moved for preliminary approval of the Settlement Agreement. ECF Nos. 389 and 389-1.

4. On September 27, 2016, the Court granted the Parties joint motion for preliminary approval, setting in motion the class settlement administration process. ECF No. 391.

5. Administration was carried out by Dahl Administration in accordance with the Court's preliminary approval order. ECF Nos. 394 and 394-1.

6. There were no objections to the settlement, and only 14 class members chose to opt out of the settlement. ECF No. 394.

7. The preliminarily approved Settlement Agreement provides for a payment of Class Counsel's attorneys' fees and costs.

8. In light of the preliminary approval of the settlement, the lack of objections to the settlement, and the very low number of class members choosing to opt out of the settlement, the Parties are hopeful that the Settlement Agreement will be finally approved on or about January 9, 2017, after a full fairness hearing.

9. Accordingly, Class Counsel respectfully requests that the Court approve the $105,000 attorneys' fees and $4,038.77 in litigation costs as called for in the Settlement Agreement.

## II. ATTORNEYS' FEES AND COSTS ARE SUPPORTED UNDER APPLICABLE LAW

The FLSA and Illinois and Missouri Minimum Wage statutes allow for the award of a reasonable fee. 29 U.S.C. § 216(b); 820 ILCS 105/12; Mo. Rev. Stat. 290.527. Awarding attorneys' fees pursuant to the percentage of the fund method, and specifically, attorneys' fees of one third of the fund, has been routinely approved in the context of FLSA settlements. *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 997 (N.D. Ind. 2010) ("[t]o explain, a counsel fee of 33.3% of the

common fund 'is comfortably within the range typically charged as a contingency fee by plaintiffs' lawyers' in an FLSA action." *Faican v. Rapid Park Holding Corp.*, No. 10-cv-1118, 2010 U.S. Dist. LEXIS 64382, at *XXX (E.D.N.Y. July 1, 2010); see *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08-cv-8713-PGG, 2010 U.S. Dist. LEXIS 18913, at *XXX (S.D.N.Y. Mar. 3, 2010) (collecting cases and finding plaintiffs' attorneys' fee of 33% of the common fund to be reasonable); *Rotunda*, 2010 U.S. Dist. LEXIS 58912, at *XXX (finding an attorney fee of one-third of the total plaintiffs' award to be reasonable and approved in similar FLSA collective actions); *Chemi v. Champion Mortg.*, No. 2:05-cv-1238 (WHW), 2009 U.S. Dist. LEXIS 44860, at *XXX (D.N.J. May 26, 2009) ("Attorneys' fees of approximately 30 percent of the common fund are… regularly awarded in labor and employment class actions."); *Koszyk v. Country Fin.*, 2016 U.S. Dist. LEXIS 126893, at *10 (N.D. Ill. Sep. 16, 2016) ("Courts routinely hold that one-third of a common fund is an appropriate attorneys' fees award in class action settlement, including wage and hour settlements.); *Taubenfeld v. Aon Corp.*, 415 F.3d at 599-600 (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the settlement fund); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of fund); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d at 842 (awarding fees on one-third common fund); *Goldsmith v. Tech. Solutions Co.*, No. 92-cv-4374, 1995 U.S. Dist. LEXIS 15093, at *XXX (N.D. Ill. Oct. 10, 1995) (same and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery").

Litigation costs are also authorized under applicable law, and are commonly awarded. See, *Koszyk*, 2016 U.S. Dist. LEXIS 126893, at *11 (N.D. Ill. Sep. 16, 2016) ("Plaintiffs' Counsel's request for reimbursement of $12,641.88 in actual out-of-pocket expenses incurred in prosecuting this case, including costs for case-related travel, electronic research, court fees, court reporters, postage and

3

courier fees, working meals, photocopies, telephone calls, travel, and Plaintiffs' portion of the mediator's fees, is granted. The Court finds these costs to be reasonably incurred.).

### III. THE ATTORNEYS' FEES AND COSTS REQUESTED ARE REASONABLE AND SHOULD BE AWARDED.

Here, the attorneys' fees request by Class Counsel is typical – actually, less than typical – for FLSA wage and hour settlements. As provided for in the Settlement Agreement, Class Counsel requests payment of attorneys' fees in the amount of $105,000. This amount is 30% of the $350,000 class settlement.

This request is reasonable considering the work performed by Class Counsel, as discussed above, the skill exhibited by Class Counsel in this matter, and the resulting class settlement which provides a monetary benefit for thousands of class members.

Additionally, while the award is based on the percent of the fund method, the payment of $105,000 is supported by the time records submitted by Class Counsel. As reflected in those records, Class Counsel Brandon Wise devoted 374.4 hours to this litigation. Exh. A, Time Records.

Further, considering the $4,038.77 in costs requested by Class Counsel still makes the total fee and cost award still under the typical 33.3%, and, the costs were necessary to properly litigate this action. Therefore, Class Counsel's costs should also be awarded.

### IV. CONCLUSION

In light of the above, Class Counsel respectfully requests that this Court approve this request for attorneys' fees and costs, as provided in the Settlement Agreement, in the total amount of $109,038.77, representing $105,000 in attorney's fees and $4038.77 in costs.

Respectfully Submitted,

Dated: January 2, 2016

By: *Brandon M. Wise*
Brandon M. Wise – No. 67242
Peiffer Rosca Wolf
Abdullah Carr & Kane, APLC
818 Lafayette Ave., Floor 2

> St. Louis, MO 63104
> Ph: 314-833-4825
> Email: bwise@prwlegal.com
>
> *Counsel for Plaintiffs and the Classes*

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and accurate copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all parties and counsel of record.

> */s/ Brandon M. Wise*