IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**Jania Volz, et al,**
**Plaintiffs,**

v.                                    No. 3:15-cv-00627-DRH-RJD

**Tricorp Management Co., et al,**
**Defendants.**

## JUDGMENT APPROVING SETTLEMENT

**Herndon, District Judge:**

This matter having come before the Court on Plaintiffs and Defendants' Motion for Final Approval of FLSA Collective and Class Action Settlement set forth in the Stipulation of Settlement filed with the Court on September 15, 2016 ("the Settlement Agreement") relating to the above-captioned class and collective action (the "Litigation"), and the Court having considered the submissions by the parties, its own review of the pleadings in this matter, and the Fairness Hearing held on January 9, 2017, **HEREBY ORDERS**:

1. For the purposes of this Judgment, the Court adopts and incorporates herein the Settlement Agreement filed with the Court, including the definitions set forth therein, except to the extent otherwise specified in this Judgment.

2. This Court has jurisdiction over the subject matter of the Litigation, and over all parties to the Litigation, including all Class Members who opted into the FLSA Collective and/or did not timely exclude themselves from the Litigation.

1

3. The Settlement Agreement involves an FLSA Collective Class and four Rule 23 Subclasses. The FLSA Collective means the following: "all Plaintiffs and all similarly-situated individuals who worked as tipped employees for Tricorp Management or any of the other Defendants in Illinois, Missouri, Oklahoma, Kansas, and Arkansas from February 25, 2013 through January 11, 2016 ("Class Period") and who opted into the lawsuit." Pursuant to this Court's Order on September 27, 2016, the Illinois Subclass means "[a]ll current and former tipped workers employed by Defendants in the State of Illinois who were subjected to subminimum wage pay for non-tipped duties within three years preceding the date of filing this action through final judgment in this matter." The Missouri Subclass means "[a]ll current and former tipped workers employed by Defendants in the State of Missouri who were subjected to subminimum wage pay for non-tipped duties within three years preceding the date of filing this action through final judgment in this matter." The Oklahoma Subclass means "[a]ll current and former tipped workers employed by Defendants in the State of Oklahoma who were subjected to subminimum wage pay for non-tipped duties within three years preceding the date of filing this action through final judgment in this matter." The Kansas Subclass means "[a]ll current and former tipped workers employed by Defendants in the State of Kansas who were subjected to subminimum wage pay for non-tipped duties within three years preceding the date of filing this action through final judgment in this matter." The FLSA Collective and the Illinois, Missouri, Oklahoma, and Kansas Subclasses are collectively referred to herein as

the "Class." The Final List of Class Members is comprised of all individuals on the List of Class Members who did not timely exclude themselves from the Litigation.

4. The Court, having considered among other things the settlement amount, the releases, and dismissal of the Litigation as to Class Members' claims against Defendants provided for in the Settlement Agreement, hereby approves the settlement set forth in the Settlement Agreement, and finds that the settlement is, in all respects fair, reasonable, adequate, and in the best interests of the Class in accordance with Federal Rule of Civil Procedure 23, and directs implementation of its terms and provisions.

5. The Court finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and that certification of the class and collective was appropriate for purposes of effectuating the Settlement Agreement based upon, among other things, its familiarity with the Litigation, and upon the following findings of facts and conclusions of law:

    (a) The Litigation between the Parties was at all times litigated in a competent, vigorous, and contested manner. Class Counsel provided vigorous and skillful representation to the Class Members, and was experienced and knowledgeable. Defendants were also represented by experienced, skilled, and knowledgeable counsel.

    (b) The Settlement Agreement was negotiated at arms' length. The Parties reached an agreement regarding the principle terms of a

settlement agreement during a settlement conference on July 11, 2016 with Magistrate Judge Philip Frazier. The Parties subsequently engaged in extended negotiations to finalize the terms of a settlement agreement before the Settlement Agreement was entered into on September 13, 2016.

(c) The Class Members faced a risk that they would not prevail in the Litigation and that one or more of the defenses asserted by Defendants would be sustained.

(d) Prior to entering into the Settlement Agreement, the parties exchanged substantial formal and informal discovery. Among other things, the parties exchanged and reviewed thousands of pages of time records of the Class Members. Thus, the parties were well-positioned to evaluate the settlement value of the Litigation, as well as the risks of continued litigation.

(e) If the settlement had not been reached, the parties faced the expense, risk and uncertainty of continued litigation before this Court and on appeal. The Court takes no position on the merits of either party's case. The Court has considered the parties' position on the merits and the risks of the Class Members' position in support of the fairness, reasonableness, and adequacy of the settlement.

(f) The amount of the settlement is fair, reasonable, and adequate, and it is appropriate in light of claimed damages of the Class

Members. The settlement amount is within the range of reasonable settlements that would have been appropriate in this case. The Court observed nothing to indicate a better settlement could or would have been obtained through continued litigation or other actions.

6. The Court specifically finds that all Class Members who did not properly and timely exclude themselves from the Litigation are bound by the Settlement Agreement, the Order, and the separate final judgment to be entered later.

7. Neither the Settlement Agreement or this Judgment (or any of the terms or provisions of those documents), nor the fact of settlement, nor any of the proceedings or negotiations connected with settlement (or any of the documents, briefs or statements therein) shall be: (a) construed as a concession or admission by Defendants (or any other Releasees) with respect to any of the claims or be deemed evidence of any violation of any statute or law or of any liability, fault or wrongdoing with respect to any released claim; (b) construed as a concession or admission by Plaintiff or any Class Member that their claims lack merit or that the defenses asserted by Defendants have merit; (c) offered or received in any civil, criminal or administrative action, arbitration or other proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement; provided, however, that Defendants may file the Settlement Agreement, judgment and/or any release executed in connection therewith, in any action that may be brought against Defendants in order to support a defense or

counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

8. The Claims Administrator shall mail Settlement Payments to all Class Members who opted into the FLSA Collective and/or failed to opt out of the four Rule 23 Subclasses pursuant to the terms of the Settlement Agreement.

9. The Court finds that the notice given to Class Members was appropriate under the circumstances, properly informed them of the proposed settlement and the proceedings to be followed in connection with its approval, and constituted valid, due, and sufficient notice to all Class Members, complying fully with Federal Rule of Civil Procedure 23, the United States Constitution, and all other legal requirements.

10. The Litigation, including all claims of the Plaintiffs and the Class, is hereby dismissed with prejudice. The Parties are responsible for their own costs and fees except to the extent indicated otherwise in any separate Order.

**IT IS SO ORDERED.**

Signed this 9th day of January, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.01.09 14:19:27 -06'00'

**United States District Judge**